UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GEORGINA HAVRYLOVICH,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Civil No. 09-1113-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act. Plaintiff requested judicial review of a final decision by the Commissioner of the Social Security Administration (SSA) denying her application for Supplemental Security Income benefits (SSIB). Plaintiff seeks an order reversing the Commissioner's decision and remanding this case for an award of benefits. After reviewing the record of this case and evaluating counsel's arguments, this court concludes that the findings of the Commissioner denying plaintiff's application for SSIB must be reversed, and that this action must be remanded for the immediate calculation and award of benefits.

## ADMINISTRATIVE HISTORY

    Plaintiff filed an application for SSIB on November 10, 2004. The application was denied, and plaintiff's request for reconsideration was addressed at a hearing before an

1 - OPINION AND ORDER

Administrative Law Judge (ALJ). The ALJ scheduled a second hearing on September 20, 2007, and heard testimony from plaintiff (who was represented by counsel and accompanied by an interpreter), and from an impartial vocational expert (VE). The ALJ concluded that plaintiff did not qualify for benefits. Tr. 8-18.[1] Plaintiff appealed to the SSA Appeals Council, which denied review. Plaintiff sought judicial review. This Opinion and Order provides that review.

**FACTUAL BACKGROUND**

The parties make no substantive challenges to the facts as presented in the record of the case. Plaintiff was born in 1952 and immigrated to the United States in 2004. She last worked as a farm laborer in Ukraine. She speaks little or no English but had eight years of schooling in Ukraine and can read and write in her native language. Other details of plaintiff's background and medical history will be reviewed as necessary in this ruling's analysis.

**STANDARDS**

The parties are familiar with the applicable standards required for proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The ALJ undertook the appropriate sequential evaluation process for determining whether plaintiff was eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Plaintiff's challenges to that process and the ALJ's findings are addressed below.

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable

---

1   Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

2  - OPINION AND ORDER

mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted).

This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).

The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted). A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Id*.

## QUESTIONS PRESENTED

At step one, the ALJ found that plaintiff had not engaged in SGA since the protective filing date of her application, November 3, 2004. Tr. 13.

At step two, the ALJ found that plaintiff suffered from the following severe impairments: varicose veins, osteoarthritis, and an adjustment disorder with anxiety. Tr. 13.

After finding that a claimant has severe impairments, an ALJ is required to proceed to the third step to determine whether the existing impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). At this third step, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or medically equal a Listed Impairment. Tr. 13.

If the impairments are not presumed to be disabling, the ALJ determines the claimant's Residual Functional Capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all the claimant's impairments. 20 C.F.R. §§ 404.1545(a)(1),

416.945(a)(1); Social Security Ruling (SSR) 96-8p.  The ALJ found that plaintiff had the RFC to perform medium exertion work involving simple tasks.  Tr. 15.

Upon the establishment of the claimant's RFC, the ALJ determines at the fourth step whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past.  The ALJ found that plaintiff could perform her past relevant work as a farm worker and as a fruit or vegetable harvest worker.  Tr. 17-18.  This conclusion required the ALJ to make a finding that plaintiff is "not disabled" and to deny disability benefits.  *See* 20 C.F.R. § 404.1520(e).

The ALJ also made alternative findings at step five, concluding that the Medical-Vocational Guidelines directed a finding of "not disabled" because there was a significant number of jobs that a person with plaintiff's age, education, work experience, and RFC could perform.  Tr. 18.  Accordingly, the ALJ found that plaintiff did not qualify for SSIB.

Plaintiff asserts that the ALJ erred in evaluating (1) her mental impairments; (2) her credibility; (3) the physician's opinions from Drs. Mahr, Bryan, and Wolf; and (4) plaintiff's RFC.  These challenges are addressed in turn.

## ANALYSIS

### 1.     The ALJ's evaluation of plaintiff's mental impairment

Plaintiff argues that the ALJ erred in failing to find that plaintiff suffers severely from somatoform disorder.  Both parties refer to the Fourth Edition of the Diagnostic & Statistical Manual (DSM-IV-TR) from the American Psychiatric Association in defining somatoform disorder as a category of mental impairments characterized by physical complaints such as fatigue, loss of appetite, and gastrointestinal or urinary complaints causing clinically significant distress or impairment for at least six months, and that, after appropriate investigation, cannot be fully explained by a known general medical condition.  Plaintiff's Opening Brief at 11; Response at 7 (citations and internal quotations omitted).

The ALJ briefly addressed whether plaintiff met or equaled the Listing for somatoform disorder, and noted that examining psychologist Dr. James Bryan "diagnose[d] an

undifferentiated somatoform disorder." Tr. 14. After acknowledging this diagnosis, the ALJ commented that the diagnosis lacked "specific functional restrictions," and that the record "contains evidence of minimal symptoms of a mental disorder." *Id.*

Doctor Bryan examined plaintiff and reported that she described feeling extremely "tired and fatigued," lacking strength, not feeling good, always sleeping in the day, and lacking an appetite. Tr. 153. Plaintiff described having no joy, and being tearful over routine stresses. *Id.* Doctor Bryan noted that the Multnomah County Eastside Health Center (Eastside) has "concern about [plaintiff's] cognitive function," and that she has been prescribed antidepressant medications. Tr. 154. She was "abruptly perplexed and uncertain when given simple [cognitive] screening exercises." Tr. 155. The doctor concluded:

> [Plaintiff's] presentation is consistent with somatoform disorder. Somatoform disorders are commonly manifested in this context, as representing a culturally acceptable expression of struggling with numerous stresses.
>
> Major depression is also listed provisionally, based upon her self-report. Depression commonly underlies somatoform disorders by reducing subjective pain threshold[s] and [a] sense of well-being.

Tr. 156.

In addition to this thorough, objective medical opinion, treatment records from Eastside over several years addressed plaintiff's myriad problems. Records detailed her physical impairments, and also noted her "severe depression," and expressed concern about plaintiff being suicidal. Tr. 174-90.

Plaintiff continued treatment at Eastside in 2007 and 2008 for anxiety and depression. A social worker noted that plaintiff reported needing to cry repeatedly, and having no happiness. Tr. 331.

Plaintiff's treating doctor at Eastside from January 2005 was Dr. Peter Mahr. On October 17, 2007, Dr. Mahr opined that plaintiff met the Listing for somatoform disorder and wrote:

> I cannot imagine [plaintiff] being able to sustain any sort of work. She has constant physical distress of one sort or the other. She is unable to communicate in English. She lacks most skills that are needed to function in the 21st century in the United States . . . .

Tr. 319-20.

5  - OPINION AND ORDER

In late 2007, plaintiff also was treated at the Oregon Health and Sciences University Intercultural Psychiatric Program, which assessed a Global Assessment of Functioning (GAF) score of 55, likely indicating moderate symptoms or impairment. *See* DSM-IV-TR. A low GAF score does not alone determine disability, but is nevertheless evidence that should be considered with the rest of the record. *Dabritz v. Astrue*, No. Cv. 07-3728-PLA, 2008 WL 4382680, at *8 (C.D. Cal. Aug. 22, 2008) (citations omitted). The *Dabritz* court acknowledged that an ALJ's failure to address a GAF score of 50 or its meaning regarding a claimant's ability to maintain employment may be error. *Id*. (citation omitted). An ALJ's failure to address specific GAF scores does not constitute legal error, as long as the ALJ's assessment of a claimant's RFC accounts for the claimant's severe mental impairments, is not inconsistent with the assessed GAF score, and is otherwise supported by substantial evidence in the record. *McFarland v. Astrue*, No. 06-35549, 2008 WL 2875315, at *1 (9th Cir. July 25, 2008).

The testimony from plaintiff, properly credited, establishes that plaintiff worked as a farm laborer for twenty years until severe medical problems prevented her from doing so, and that she now suffers from leg pain, headaches, gastrointestinal pain, and insomnia. Tr. 474-78. She also has sought treatment for depression, cries daily, and suffers from anxiety. Tr. 488-96.

Defendant asserts that the ALJ considered this evidence and reasonably concluded that plaintiff suffered from a severe adjustment disorder, and so reasonably limited plaintiff to simple tasks. This court disagrees.

When the scope of the medical evidence is considered, and plaintiff's testimony is credited properly, the conclusion to overlook plaintiff's somatoform disorder as a severe condition is unsupported by substantive evidence, and must be deemed an error. This court concludes that the evidence in the record supports a finding that this severe condition imposes significant limitations on plaintiff's ability to function that preclude "medium work." Because of this error, and others discussed herein, including an improper evaluation of plaintiff's credibility, this case must be remanded.

### 2. The ALJ's evaluation of plaintiff's credibility

Plaintiff contends that the ALJ erred in finding plaintiff's testimony less than credible. An ALJ need not believe every allegation of disabling pain or functional limitation advanced by a claimant. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). Instead, a two-tiered analysis is invoked when considering a claimant's subjective credibility.

First, "the claimant 'must produce objective medical evidence of an underlying impairment' or impairments that could reasonably be expected to produce some degree of symptom," and, then, "if the claimant meets this threshold and there is no affirmative evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281-84 (9th Cir. 1996)); *see also* SSR 96-7p (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight").

When determining a claimant's credibility, the ALJ may consider many factors in weighing a claimant's credibility, including ordinary techniques of credibility evaluation (such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid) and inadequately explained failures to seek treatment or to follow a prescribed course of treatment. *Smolen*, 80 F.3d at 1284.

The ALJ may also consider conflicting medical evidence, effective medical treatment, inconsistent statements, daily activities inconsistent with the alleged symptoms, and testimony that is vague or less than candid. *Bray v. Comm'r*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1039-40 (9th Cir. 2007); *see also Light v. Comm'r*, 119 F.3d 789, 792 (9th Cir. 1997) (the ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms).

A claimant's statements cannot be rejected solely because the testimony is viewed as unsubstantiated by the available objective medical evidence.  20 C.F.R.§§ 404.1529(c)(2); 416.929(c)(2).  However, if the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing."  *Thomas*, 278 F.3d at 959.

The ALJ concluded that plaintiff's testimony should be discounted because Dr. Mahr's assessments were construed as providing a "minimal medical basis to impose any physical restrictions on the claimant's ability to work," plaintiff lacks "a particularly good work history," and plaintiff's daily activities appear "rather extensive" in contradiction to plaintiff's complaints.  Tr. 16.  The ALJ also referenced Dr. Bryan's notations regarding "exaggeration" in cognitive screening tests, and plaintiff's perceived failures to comply with recommended medical care.  Tr. 17.

Plaintiff correctly asserts that in the absence of any evidence finding that plaintiff was malingering, the Commissioner must provide clear and convincing reasons for discrediting her testimony.  *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (without affirmative evidence of malingering in the record, the Commissioner must provide clear and convincing reasons for rejecting the claimant's testimony).  This court concludes that the ALJ's reasons for discrediting plaintiff fell short of being clear and convincing.

The reference to Dr. Mahr's assessments was not a clear and convincing reason to discount plaintiff's credibility.  As noted above, Dr. Mahr provided a thorough medical evaluation of plaintiff, noting her "constant physical distress," and acknowledged that he is unable to imagine plaintiff being able to sustain any sort of work.  Tr. 319.

The reference to a poor work history is puzzling.  Evidence of plaintiff's work as a farm laborer in Ukraine was provided, and there is nothing in the record about her work history that provides a basis for doubting her credibility.

The evidence regarding plaintiff's ability to perform some daily activities, over short periods of time, does not contradict the scope of her symptom testimony.  Nothing about this evidence provides a clear and convincing basis for diminishing plaintiff's credibility.

8   - OPINION AND ORDER

Finally, the reliance upon Dr. Bryan's reference to "exaggeration," and plaintiff's inability to follow medical recommendations, is rejected. Doctor Bryan explicitly ruled out malingering. Tr. 156. The extensive medical evidence shows that plaintiff has pursued treatment for years and has attempted to follow recommended care, abandoning recommendations only when the treatment caused her great pain or made her ill. None of the ALJ's reasons for rejecting plaintiff's testimony qualifies as a clear and convincing reason.

Accordingly, this court must decide whether "it is clear from the record that the ALJ would be required to determine the claimant disabled if [the ALJ] had credited the claimant's testimony." *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003) (holding that courts have some flexibility in applying the credit-as-true rule); *see also Benecke v. Barnhart*, 379 F.3d 587, 593-94 (9th Cir. 2004) (applying credit-as-true rule in a case in which the ALJ failed to provide legally sufficient reasons for rejecting the plaintiff's testimony and the treating physicians' opinions). This court concludes that plaintiff's testimony must be credited as true.

### 3. The ALJ's evaluation of medical evidence

An ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and may reject an uncontradicted opinion from a treating or examining physician by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995) (ALJ must provide clear and convincing reasons for rejecting uncontroverted expert opinions, and must provide specific, legitimate reasons for rejecting controverted expert opinions); *see also Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (clear and convincing reasons must be provided to support rejection of a treating physician's ultimate conclusions).

Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than a reviewing physician's conclusions. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); *Lester*, 81 F.3d at 830; *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir.

2008) (opinions from doctors with the most significant clinical relationship with the claimant are generally entitled to more weight than opinions from doctors with lesser relationships).

Moreover, an ALJ must give weight not only to the treating physician's clinical findings and interpretation of test results, but also to the doctor's subjective judgments. *Lester*, 81 F.3d at 832-33 (citing *Embrey*, 849 F.2d at 422). Although a treating physician's opinion "is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). An ALJ need not accept a treating physician's opinion that is conclusory or brief. *Tonapetyan*, 242 F.3d at 1149 (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). Similarly, an ALJ may discredit the opinions of a treating physician that are unsupported by objective medical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ need not accept the opinion of a treating physician "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole"); *see also Tommasetti*, 533 F.3d at 1041 (not improper to reject an opinion largely based on a claimant's discredited subjective complaints or presenting inconsistencies between the opinion and the medical record or a claimant's daily activities).

This court concludes that the ALJ provided insufficient reasons for rejecting the opinions of Dr. Mahr. Although the ALJ later acknowledged that this doctor knows plaintiff best (for the purposes of discrediting another doctor's conclusions), the ALJ nevertheless gave Dr. Mahr's October 2007 letter little weight, presuming that the letter was prepared by counsel. Tr. 15-16. The ALJ also relied upon selected phrases from the doctor's prior medical notes ("no apparent distress") as a basis for concluding that his overall medical evaluation could be discounted. *Id*. Theses reasons are legally insufficient. This court concludes that the reliance upon agency medical evaluators, and the greater weight given to their summary conclusions than to the opinions of Drs. Mahr, Wolf and Bryan, was not supported by providing clear and convincing reasons, or by substantial evidence in the record.

### 4.     The ALJ's evaluation of plaintiff's RFC

For the reasons stated above, this court concludes that the ALJ's finding that plaintiff could perform medium work was error. This error necessitates remanding this action. The question remaining is whether the remand should be for further proceedings, or for the calculation and award of SSIB.

### 5.     Remand

Because the errors committed by the ALJ regarding plaintiff's somatoform disorder, plaintiff's credibility evaluation, the evaluation of medical evidence, and plaintiff's RFC were not harmless, remand of this action is necessary. A court may remand a Social Security disability case under either sentence four or sentence six of 42 U.S.C. § 405(g). *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007). A sentence-four remand is essentially a determination that the Commissioner erred in denying benefits. *Id*. (citations omitted).

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" and is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. § 405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)).

The issues presented here compel a remand under sentence four. The decision whether to remand under sentence four for further proceedings or for immediate payment of benefits is within the discretion of the court. *Benecke*, 379 F.3d at 590. "[A] remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Holohan*, 246 F.3d at 1210. The rule recognizes "the importance of expediting disability claims." *Id*. "[I]n cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would needlessly delay effectuating the primary purpose of the Social Security Act, 'to give financial assistance to

disabled persons because they cannot sustain themselves.'"  *Id*. (quoting *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995)).

A reviewing court should credit evidence and remand for a finding of disability and an award of benefits if: (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues to be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited.  *Smolen*, 80 F.3d at 1292.

Under these standards, a remand for a finding of disability and an award of benefits is appropriate here.  When evaluating the opinions and conclusions of Drs. Mahr, Wolf and Bryan, and the scope of plaintiff's somatoform disorder, it is clear from the record that plaintiff is incapable of full-time employment.

When it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited, additional proceedings are unnecessary to determine plaintiff's entitlement to benefits.  *See Smolen*, 80 F.3d at 1292 (remanding for an award of benefits is appropriate where the record is fully developed, and further proceedings "would serve no useful purpose").

The record presented establishes that plaintiff cannot perform any SGA that exists in the national economy, and the case need not be returned to the ALJ.  *Benecke*, 379 F.3d at 595. "Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."  *Id*. (citations omitted).  As the *Benecke* court summed up:

> Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand.

*Benecke*, 379 F.3d at 595 (citations and internal quotations omitted).

## **CONCLUSION**

Given the foregoing, there are no outstanding issues in this matter that require resolution. The court concludes that the record is fully developed and that further administrative

12 - OPINION AND ORDER

proceedings would serve no useful purpose. Under the applicable standards, and after giving the evidence in the record the effect required by law, this court finds that plaintiff is unable to engage in any substantial gainful activity by reason of her impairment, and she is disabled under the Act. The final decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the proper calculation and award of SSIB on behalf of plaintiff Georgina Havrylovych.

    IT IS SO ORDERED.

    DATED this   25   day of January, 2011.


        /s/ ANCER L. HAGGERTY
        ANCER L. HAGGERTY
        United States District Judge

13 - OPINION AND ORDER